**Clishe THOMAS, Plaintiff**

**v.**

**LDG FINANCIAL SERVICES, LLC, LLG Financial Services, II, LLC, and Barbara Johnson, Defendants**

**No. CIVA 1:04CV1618 HTW.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Nov. 28, 2006.

---

Lisa Dionne Wright, Law Office of Lisa D. Wright, Atlanta, GA, for Plaintiff.

John H. Bedard, Jr., Therese Glisson Franzen, Franzen & Salzano, Norcross, GA, for Defendants.

## ORDER

HORACE T. WARD, Senior District Judge.

This action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq,* is before the court on the defendants' motion to dismiss plaintiff's amended complaint.

## FACTUAL BACKGROUND

The facts are taken from the amended complaint and from the court's review of the record. Defendant LDG is a collection agency retained by Best Buy/Household to collect a $795.50 debt which plaintiff does not dispute owing. Ms. Barbara Johnson, an employee of LDG, placed a telephone call to Ms. Thomas and offered to accept

$636.00 in two equal payments to settle the account in full. Ms. Thomas advised Ms. Johnson that she could not afford the two payments. In response, Ms. Johnson told Ms. Thomas that "they [i.e., the creditor] were going to get their money one way or the other." In addition, Ms. Johnson told Ms. Thomas "Georgia is a garnishable state," and hung up the phone. Ms. Thomas alleges that Ms. Johnson "yelled" these words.

Shortly after the call ended, Ms. Thomas called back. Ms. Thomas advised Ms. Johnson that she "was not trying to hide and [that] she wanted to settle the account but she did not have the money." Ms. Johnson then replied, "you make the same salary when you were paying the bills so what's the problem now?"

Ms. Thomas called back again, attempting to make a payment, and spoke with another LDG representative, Robert Tanner. Mr. Tanner advised Ms. Thomas that settling the account would be conditioned upon Ms. Thomas providing her bank account information, to which Ms. Thomas advised she was not comfortable doing. The next day, Ms. Thomas again called and spoke with Roxanne Santos, and advised Ms. Santos that Ms. Johnson was "rude" to her on the phone. Ms. Santos replied, "Barbie is like that to everyone; she scares people into paying." On April 22, 2004, LDG sent Ms. Thomas written correspondence which did not include notice of her right to dispute the debt. Thereafter, plaintiff filed this lawsuit.

### Motion to Dismiss Standard of Review

■ Fed.R.Civ.P. 12(b)(6) empowers a court to grant a motion to dismiss when a complaint fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). In general, a complaint should be dismissed under Rule 12(b)(6) only when it appears "beyond a doubt that the plaintiff can prove no set of facts in sup-

port of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Accordingly, the pleadings are construed broadly, such that all facts pleaded therein are accepted as true, and all reasonable inferences are viewed in a light most favorable to the plaintiff. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273, n. 1 (11th Cir.1999). Dismissal is appropriate, however, if the complaint fails to allege facts regarding an element of the claim necessary to obtain relief. Furthermore, a motion to dismiss should be granted if an affirmative defense or other bar to relief appears on the face of the complaint. *Prudential Insurance Company of America v. Baum*, 629 F.Supp. 466 (N.D.Ga.1986)(quotation marks and citations omitted).

### CONCLUSIONS OF LAW

Ms. Thomas' amended complaint sets forth the following counts against defendants: harassment, 15 U.S.C. §§ 1692d; using false, deceptive and misleading representation; 15 U.S.C. §§ 1692e and 15 U.S.C. 1692e(10); threatening to take legal action not intended to be taken; 15 U.S.C. § 1692e(5), failing to send a validation notice; 15 U.S.C. 1692g(a)(3), (4), and (5). Ms. Thomas's amended complaint also alleges intentional infliction of emotional distress under state law. During the hearing on the pending motion, plaintiff voluntarily abandoned her state law claim for intentional infliction of emotional distress. Accordingly, defendants' motion to dismiss the state law claim will be granted.

### The Claim Under § 1692d

FDCPA § 1692d states that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without

limiting the general application of the foregoing, the following conduct is a violation of this section: (1) the use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person; (2) the use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader; (3) the publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a(f) or 1681b(3) of this title; (4) the advertisement for sale of any debt to coerce payment of the debt; (5) causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number; or (6) except as provided in § 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

■ Defendants contend that the 11th Circuit has held that subsections (1)—(6) of 15 U.S.C. 1692d must be read in context, and that statements made by a collector which are alleged to be in violation of 1692d must at least be "akin to profanity or obscenity." *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1178 (11th Cir.1985). In keeping with the purpose of the FDCPA, such offensive language "might encompass name calling, racial or ethnic slurs, and other derogatory remarks which are similar in their offensiveness to obscene or profane remarks." *Id.* This court may determine as a matter of law that statements made by a collector do not rise to the level of § 1692d. *Id.* Further, defendants contend that the only section of 15 U.S.C. § 1692d which plaintiff's allegations can be construed as applying to is subsection (2) as the amended complaint is devoid of any factual allegations purporting to describe behavior described in any other subsection of § 1692d.

Defendants argue that neither of these statements is accusatory in nature, nor do they contain even a suggestion of obscene or profane defamation and do not rise to the level of obscene or profane language as described in *Jeter*.

■ In response, plaintiff argues that based on applicable case law and the record in this case, the court should conclude that the plaintiff has stated a claim against the defendants for violation of 15 U.S.C. § 1692d. Plaintiff contends that the court must assume as true the plaintiff's allegations that (1) defendants told her that they were going to get their money one way or another; (2) defendants then yelled to her that Georgia is a garnishable state, then hung up on her; and (3) defendants asked the plaintiff what was her problem now because she was making the same salary when she was paying her bills. Plaintiff argues that a reasonable jury could find that such statements, individually and collectively, are violative of § 1692d.

The court finds that plaintiff has failed to state a claim under § 1692d. The court agrees with defendants' position that the statements in question were not harassing, oppressive or abusive. Also, in consideration of § 1692d(2), the court finds that the statements do not rise to the level of the obscene or profane language described in the *Jeter* case. The motion to dismiss will be granted on this issue.

### The Claims Under § 1692e, § 1692e(5) and § 1962e(10)

■ Section 1692e of the FDCPA establishes a general prohibition against the use of "false, deceptive, or misleading representations or means in connection with the collection of any debt." Section 1692e(5) prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken. Section 1692e(10) prohibits a

debt collector from using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

Defendants argue that in determining whether the statements ·at issue violated the provisions of § 1692e, the court should use a "least sophisticated consumer" standard. *See Jeter, supra.* Defendants assert that § 1692e, standing alone, does not provide a cause of action against defendants, and that Ms. Thomas has not made any claims concerning § 1692e separate from those asserted pursuant to § 1692e(5) or e(10). Defendants state that they could not locate any case authority which indicates how § 1692e might be otherwise applicable to the instant action.

As to the § 1692e(5) claim, defendants contend that plaintiff does not allege any facts which could be construed as a threat to take legal action by defendants. Defendants state that they did not threaten to sue Ms. Thomas and did not threaten to refer the matter to an attorney. The fact that "Georgia is a garnishable state" is a "clear statement of a truism." *See Taylor v. Cavalry. Inv., LLC,* 365 F.3d 572, 575 (7th Cir.2004). Defendants argue that the FDCPA was "not intended to shield ... consumers from the embarrassment and inconvenience which are the natural consequences of debt collection." *Dalton v. FMA·Enters., Inc.,* 953 F.Supp. 1525, 1531 (M.D.Fla.1997). Defendants further state that even if LDG's statements caused Ms. Thomas embarrassment and inconvenience, these statements are not actionable as a matter of law.

As to the claims under § 1692e(10), defendants state that claims under this subsection are inherently fact specific, citing *Ferguson v. Credit Mgmt Control, Inc.,* 140 F.Supp.2d 1293 (M.D.Fla.2001). Defendants contend that nothing in the statements in question were designed to mislead or deceive the plaintiff. Defendants argue that the court should conclude similar to *Ferguson* that there is nothing in the statements alleged to have been made by the defendants designed to mislead or deceive even the least sophisticated consumer.

While the parties agree that defendants have not sued Ms. Thomas to collect the debt and defendants did not have the legal right to garnish the plaintiff's wages, they disagree regarding the inferences to be drawn from the statements made by defendants to plaintiff. Such a disagreement, if reasonable, is for the jury to determine, not for the court to determine in a motion to dismiss context. *See Jeter, supra,* citing *Lighting Fixture and Electric Supply Co. v. Continental Ins., Co.,* 420 F.2d 1211, 1213 (5th Cir.1969).

Upon consideration of the allegations in the amended complaint and briefs filed, the court is unable to conclude that plaintiff can prove no set of facts in support of her claims under §§ 1692 e, 1692e(5) and 1692e(10). The motion to dismiss will be denied on these issues.

### The Claims under § 1692g

■ The notice requirement of § 1692g is commonly referred to as the validation notice. A debt collector's obligation under this section is satisfied when the written notice is sent and not when a consumer receives it. *Mahon v. Credit Bureau of Placer County, Inc.,* 171 F.3d 1197 (9th Cir.1999).

■ Plaintiff's amended complaint specifically alleges that defendants did not send plaintiff the notices required under 15 U.S.C. § 1692. Plaintiff contends that this allegation is sufficient to state a claim under § 1692g. In response, defendants have submitted the affidavit of David Fletcher. The court declines defendants' invitation to convert its motion to a Rule 56 motion for summary judgment pursuant

to Fed.R.Civ.P. 12b(6). As such, the court has not considered the affidavit or any other matters outside the pleadings of this case. Based upon the allegations contained in the amended complaint, the court finds that plaintiff has stated a claim pursuant to 15 U.S.C. § 1692g, and the motion to dismiss will be denied on this issue.

## CONCLUSION

In view of the foregoing, the motion to dismiss will be granted in part and denied in part. It is hereby ORDERED and ADJUDGED as follows:

(1) The motion to dismiss is GRANTED as to the claim of intentional infliction of emotional distress and the claim of a violation of 15 U.S.C. § 1692d;

(2) The motion to dismiss is DENIED as to the claims under 15 U.S.C. § 1692e, § 1692e(5); § 1692e(10), and § 1692g.

It is further ORDERED that defendants are to respond to plaintiff's amended complaint within twenty (20) days from the date of this order. Thereafter, discovery will be reopened for a period of sixty (60) days, limited in scope to the issues involved in the claims for which the motion to dismiss was denied, and motions for summary judgment may be filed.